UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| NEIL EDWARD LEE, | CIV. 09-4177 |
| Petitioner, | |
| -vs- | **REPORT and RECOMMENDATION** |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner Neil Edward Lee, an inmate of the State of South Dakota, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Respondent has filed a Motion to Dismiss (Doc. 9) and a supporting Brief with attachments (Doc. 12). Petitioner filed no response to the motion to dismiss but instead filed a motion requesting appointment of counsel (Doc. 15).

## JURISDICTION

Petitioner was convicted in McCook County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Schreier's Order Referring Case (Doc. 3), and Judge Piersol's Standing Orders dated February 1, 2002 and November 29, 2006.

## PROCEDURAL HISTORY

Petitioner was charged in McCook County, South Dakota, on September 4, 2001, with: *Count 1*, Unauthorized Possession of a Controlled Substance; *Count 2*, Possession of Marijuana; *Count 3*, Driving While License is Revoked; and *Count 4*, Ingesting Substance for Purpose of Becoming Intoxicated. Petitioner entered a guilty plea to Count 1 and the state dismissed Counts 2, 3, and 4 and all other charges pending.

On November 7, 2002, Petitioner was sentenced to 10 years imprisonment, with five years suspended on certain conditions. Petitioner appealed his conviction to the South Dakota Supreme Court but consented to dismissal of his appeal after consultation with counsel. The South Dakota Supreme Court dismissed the appeal on April 7, 2003 (Doc. 12, Exhibit 4).

Petitioner filed a state habeas petition on August 5, 2003 (Doc. 12, Exhibit 5). The petition was denied and on April 18, 2005, the South Dakota Supreme Court denied a certificate of probable cause (Doc. 12, Exhibit 6). Petitioner filed a second state petition on June 9, 2005 (Doc. 12, Exhibit 7). The petition was denied on May 10, 2006, and the South Dakota Supreme Court again denied a certificate of probable cause on May 22, 2006 (Doc. 12, Exhibit 8). The instant § 2254 petition was filed on December 3, 2009 (Doc. 1).

## DISCUSSION

### 1. Petitioner's Motion for Counsel

"There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. *Id.*

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8( c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> \*\*
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28

> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8( c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. *Hoggard,* 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is necessary, because the documents required to determine the issues have been provided by the parties.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

As is explained in further detail below, Petitioner's § 2254 application is untimely. These claims are straight forward and not legally nor factually complex. The issues can be resolved on the basis of the state court record which has been provided to this Court. For these reasons, Petitioner's Motion for Appointment of Counsel (Doc. 15) is DENIED.

### 2. AEDPA Statute of Limitations

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2).

28 U.S.C. § 2244(d) provides:

> **(1)** A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because more than 365 days have passed since Petitioner's state proceedings were concluded his federal habeas claim is time barred. *See generally, Painter v. State of Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also, Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003)(rejecting the suggestion that the federal

filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired). Absent one of the exceptions described in 28 U.S.C. § 2244(d) or the application of equitable tolling, Petitioner's federal habeas petition is time-barred.

### 3. Petitioner's Application is Untimely

Petitioner's state judgment became final for purposes of the AEDPA upon the expiration of ninety days after the date the South Dakota Supreme Court dismissed his direct appeal (April 7, 2003)- or on July 7, 2003. Petitioner filed his first state habeas petition on August 5, 2003. The period between July 7, 2003, and August 5, 2003, is 29 days, and this period counts against the one-year statute of limitations. Giving Petitioner every benefit of the doubt, and excluding all time between the filing of his first state petition and the dismissal of his second state petition by the South Dakota Supreme Court (August 5, 2003 through May 22, 2006), still results in his federal action being untimely. Specifically, the period between May 22, 2006 (the dismissal of his second state petition), and the filing of this action on December 3, 2009, is 1291 days which counts against the one-year statute of limitations. Again, giving Petitioner every benefit of the doubt, at least 1320 days have elapsed and Petitioner's application must be dismissed as time barred.

### CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve

5

encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is ORDERED that Petitioner's Motion for Appointment of Counsel (Doc. 15) is DENIED. It is further respectfully RECOMMENDED to the District Court that:
(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.
(2) No Certificate of Appealability be issued.
(3) Respondent's Motion to Dismiss (Doc. 9) be GRANTED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 26th day of February, 2010.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge