UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| NEIL EDWARD LEE, | ) | Civ. 09-4177-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| DOUGLAS WEBER, Warden of the | ) | |
| South Dakota State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Neil Edward Lee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket 1. On January 8, 2010, respondent moved to dismiss, to which Lee did not respond. Docket 12. On February 18, 2010, Lee moved the court for the appointment of counsel. Docket 15. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matters were assigned to Magistrate Judge John E. Simko for purposes of conducting any necessary hearings, including evidentiary hearings, and submitting to the court proposed findings of fact and recommendations. Docket 3.

On February 26, 2010, Magistrate Judge Simko submitted his report and recommendation advising that Lee's request for the appointment of counsel be denied, that Lee's § 2254 petition be denied as untimely, that no certificate of appealability be issued, and that respondent's motion to dismiss be granted. Docket 16. On March 15, 2010, pursuant to 28 U.S.C. § 636(b)(1), Lee filed

timely objections to Magistrate Judge Simko's report and recommendations. Docket 18.

**DISCUSSION**

In accordance with 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990). Therefore, the court has reviewed (1) whether Lee is entitled to appointment of counsel, and (2) whether Lee's § 2254 petition was timely filed.

**I.     Appointment of Counsel**

"[T]here is neither a constitutional nor statutory right to counsel in habeas." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). Rather, the appointment of counsel in habeas proceedings is committed to the discretion of the court, and is appropriate when "the interests of justice so require." Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (quoting 18 U.S.C.A. § 3006A(a)(2), (a)(2)(B) (West Supp. 1993)). In deciding whether to appoint counsel, the court considers "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.

Lee's petition contains claims that are neither legally nor factually complex. Each ground for post-conviction relief that is asserted in Lee's habeas petition turns on legal issues with which the court is familiar: illegal

search and seizure, the denial of due process, and ineffective assistance of counsel. See Abdullah, 18 F.3d at 573 (noting that legal issues such as ineffective assistance of counsel and due process are not complex issues). With regard to factual complexity, the state record provides sufficient means for resolving any complex factual issues that may exist in the case. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) ("Where the issues involved can be properly resolved on the basis of the state record, a district court does not abuse its discretion in denying a request for court-appointed counsel." (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993))).

Finally, it is apparent from Lee's habeas petition and his objections to Magistrate Judge Simko's report and recommendation that Lee is capable of investigating and presenting his claims. See Abdullah, 18 F.3d at 574 (concluding that petitioner's well-written motion, along with the fact that petitioner asserted nearly all the claims he had originally asserted at the state level, demonstrated that petitioner was capable of presenting his claims). Therefore, the interests of justice do not require the appointment of counsel to this matter, and Magistrate Judge Simko's recommendation that Lee's motion for appointment of counsel be denied is accepted.

## II. Timeliness of § 2254 Habeas Petition

The AEDPA's statute of limitations for a § 2254 habeas petition is one year. 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Lee contends that the appropriate date for determining the limitations period is April 21, 2009, the date on which the Supreme Court of the United States decided Arizona v. Gant, 129 S. Ct. 1710 (2009). In Arizona v. Gant, the Supreme Court held that searching a defendant's vehicle is unreasonable where the "police could not reasonably have believed either that [the defendant] could have accessed his car at the time of the search or that evidence of the offense for which he was arrested might have been found therein." 129 S. Ct. at 1719. The Supreme Court did not, however, hold that this rule applied

4

retroactively to any cases, let alone those on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). Therefore, because Lee's conviction became final on July 7, 2003, several years before the Supreme Court issued its decision in Arizona v. Gant, the newly declared constitutional rule regarding reasonable searches does not apply to Lee's case. See Teague v. Lane, 489 U.S. 288, 305 (1989) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

As Lee discussed in his objection to Magistrate Judge Simko's report and recommendation, there are two narrow exceptions to the general rule against the retroactive application of new constitutional rights to cases on collateral review. A newly recognized constitutional right will retroactively apply to cases on collateral review if it (1) "places 'certain kinds of private individual conduct beyond the power of the criminal law-making authority to proscribe,' " or (2) "requires the observance of 'those procedures that . . . are "implicit in the concept of ordered liberty." ' " Teague, 489 U.S. at 307 (quoting Mackey v. United States, 401 U.S. 667, 692–93 (1971) (Harlan, J., concurring in part and dissenting in part) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937) (Cardozo, J.))). The Supreme Court has stressed the narrowness of these exceptions and recognizes "that it is 'sounder, in adjudicating habeas petitions,

5

generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of [habeas] cases on the basis of intervening changes in constitutional interpretation.'" Id. at 306 (quoting Mackey, 401 U.S. at 689).

The first exception is neither relevant nor has it been asserted; and the second exception, though asserted by Lee, is not triggered by the type of constitutional right described in Arizona v. Gant. To qualify as a procedure that is "implicit in the concept of ordered liberty," the newly declared constitutional right must both "significantly improve the pre-existing fact-finding procedures," Teague, 489 U.S. at 1076 (quoting Desist v. United States, 394 U.S. 244, 262 (1969) (Harlan, J., dissenting)), and "implicate the fundamental fairness of the trial." Teague, 489 U.S. at 1076. In other words, for a newly declared constitutional right to retroactively apply to cases on collateral review, the procedure at issue must be essential to the determination of actual guilt or innocence. See Teague, 489 U.S. at 1077 ("Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge.").

A limitation on what constitutes a reasonable search does not significantly improve the fact-finding process. Therefore, although an argument may be made that a narrower interpretation of what constitutes a reasonable search may implicate the fundamental fairness of the trial, the

inquiry is irrelevant because the fact-finding process is not significantly improved. Even so, Lee has not made a compelling argument to establish that the newly declared constitutional right disrupted the fairness of his trial.

Because Lee's case fits neither exception to the general rule against retroactively applying newly declared constitutional rights to cases on collateral review, the appropriate date for determining the limitations period on Lee's federal habeas petition is July 7, 2003, the date on which his judgment became final. Even when tolling the periods during which Lee's state habeas petitions were pending are not counted, Lee's § 2254 petition is untimely. Consequently, Magistrate Judge Simko's recommendation that Lee's application for writ of habeas corpus (Docket 1) be denied as untimely is accepted.

Therefore it is hereby

ORDERED that the Report and Recommendations of Magistrate Judge Simko (Docket 16) are accepted in full, and Lee's § 2254 habeas petition (Docket 1) is denied.

Dated June 14, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE